IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2094-FL

| | | |
|---|---|---|
| RAYMOND BULLOCK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| UNITED STATES PAROLE | ) | |
| COMMISSION, and BRICK TRIPP, | ) | |
| | ) | |
| Respondents. | ) | |

The matter is before the court on respondents' unopposed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 7), which this court construes as a motion for summary judgment pursuant to Rule 56 because respondents attached documents outside of the scope of the pleadings. Also before the court is petitioner's motion to expedite (DE 12). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondents' motion and denies as moot petitioner's motion.

**STATEMENT OF THE CASE**

On January 31, 2005, the District of Columbia Superior Court sentenced petitioner to a 20 month term of imprisonment, followed by a five year term of supervised release, on his conviction for attempted possession with intent to distribute cocaine. (Resp't's Mem. Ex. A, p. 5.) Petitioner was released to the supervised release term on June 29, 2007. (Id.)

On June 3, 2010, the United States Parole Commission ("the Commission") issued a warrant charging petitioner with violating the conditions of his supervised release by failing to report to his

supervision officer as directed and failing to submit supervision reports. (Id. Ex. B.) On September 1, 2009, petitioner was charged with unlawful possession with the intent to distribute cocaine. (Id. Ex. A, p. 1 and Ex. C.) On December 12, 2012, the United States District Court for the District of Columbia convicted petitioner of the charged offense and sentenced him to a term of 120 months imprisonment followed by a 36 month term of supervised release. (Id. Ex. A, p. 1 and Ex. C.)

Following petitioner's conviction, the Commission supplemented its parole warrant with the new law violation. (Id. Ex. C.) The Commission placed its warrant as a detainer while petitioner serves his federal sentence. (Id. Ex. D.)

On November 5, 2014, respondent filed a motion to dismiss, arguing that petitioner failed to state a claim upon which relief may be granted. Petitioner did not respond to respondent's motion, but did subsequently file a motion to expedite.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

   1.  Revocation Hearing

Petitioner asserts that the Commission violated his due process rights because it failed to review the parole violation warrant currently pending as a detainer. In <u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972), the United States Supreme Court held that due process mandates that a parole revocation hearing take place within a reasonable time after a parolee is taken into custody. <u>Id.</u> 485-89. The Court, however, later held that the procedural protection of an immediate hearing is inapplicable where an inmate is in custody pursuant to a federal conviction, and has a detainer lodged against him for a later revocation hearing. <u>Moody v. Daggett</u>, 429 U.S. 78, 87-88 (1976). The <u>Moody</u> Court determined that a prompt hearing was unnecessary under these circumstances because: (1) the subsequent conviction establishes probable cause that a condition of release has been violated; and (2) the detainer does not immediately deprive the inmate of liberty. <u>Id.</u> at 86, n.7; <u>see also</u>, <u>Posey v. Dewalt</u>, 86 F. Supp.2d 565, 569 (E.D. Va. 1999) ("[T]he Supreme Court has since held [in <u>Moody</u>] that the prompt parole revocation hearing guaranteed by *Morrissey* is inapplicable where, as here, an individual has already been lawfully deprived of his liberty and is in custody on a criminal conviction."), <u>appeal dismissed</u>, 215 F.3d 1320 (4th Cir. 2000).

Here, petitioner is in custody pursuant to a federal conviction. Petitioner's parole violator warrant was lodged as a detainer, and the warrant has not yet been executed. Because petitioner is in custody pursuant to a federal conviction, the prompt parole revocation hearing requirement set forth in <u>Morrissey</u> is inapplicable.

Case 5:14-hc-02094-FL   Document 13   Filed 06/11/15   Page 3 of 6

### 2. Dispositional Review

The court now turns to petitioner's request for dispositional review of his detainer pursuant to 28 C.F.R. § 2.100(c). Section 2.100(c) provides:

> If the parolee is serving a new sentence of imprisonment that does not include eligibility for parole under the Commission's jurisdiction, the Commission shall review the detainer upon the request of the parolee. Following such review, the Commission may:
>
> (1) Withdraw the detainer and order reinstatement of the parolee to supervision upon release from custody, or close the case if the expiration date has passed.
> (2) Order a dispositional revocation hearing to be conducted by a hearing examiner . . .
> (3) Let the detainer stand until the new sentence is completed . . . .

28 U.S.C. § 2.100(c).

In this case, respondents state that petitioner did not submit to the Commission a request that it conduct a dispositional review prior to filing the instant petition. Respondents further state that the Commission has construed the instant petition as a request for a dispositional review, and will now promptly conduct the review. (Respondents' Mot. p. 4.) Petitioner has not disputed the fact that he failed to ask the Commission for a dispositional review of his detainer prior to filing the instant petition. Accordingly, petitioner has not shown a due process violation. See Moody, 429 U.S. 89; see also, Thomas v. Ebbert, No. 1:08-CV-1133, 2008 WL 4821763, at * 1 (M.D. Pa. Nov. 4, 2008) ("If the parolee is serving a new sentence, and is currently ineligible for parole under that sentence, the Commission shall conduct a review of the detainer at the request of the parolee and may, at its discretion, exercise options which include letting the detainer stand until the new sentence is completed and, following the parolee's release, conduct an institutional revocation hearing.") (internal quotation omitted). Thus, the court DISMISSES this claim without prejudice.

In the event the Commission has not completed a dispositional review of petitioner's detainer pursuant to § 2.100(c) within one year of this court's order, petitioner may move to re-open this action to pursue the instant due process claim.

Finally, to the extent petitioner contends that the pending detainer is affecting his ability to participate in institutional programs, he fails to state a claim because petitioner has not demonstrated a constitutionally protected liberty interest in participating in such programs. See Moody, 429 U.S. 88 n.9; Gaddy v. Michael, 519 F.2d 669, 678 (4th Cir. 1975) (finding that former parolee's loss of prison privileges, opportunities to participate in programs, and gain time are not evidence of prejudice that would require invalidation of parole violation warrant). Thus, the court GRANTS respondents' motion to dismiss this claim.

        3.        Expedited Revocation Procedure

Petitioner requests that the parole violation warrant be disposed of through the Commission's expedited revocation process. The Commission's expedited revocation process allows a parolee to accept responsibility for his violations, waive his right to a revocation hearing, and consent to parole revocation on the record. See 28 C.F.R. § 2.66. However, the execution of the parole violation warrant is the event that triggers the need for a revocation hearing, and a petitioner is not eligible for an expedited revocation procedure until such warrant has been executed. See Moody, 429 U.S. at 89. Because the Commission has not yet executed petitioner's parole violation warrant, petitioner is not entitled to an expedited revocation procedure at this time.

Case 5:14-hc-02094-FL   Document 13   Filed 06/11/15   Page 5 of 6

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 7) is GRANTED, and the petition is DISMISSED without prejudice. As stated above, if the Commission fails to complete a dispositional review of the detainer pursuant to § 2.100(c) within one year of this court's order, petitioner may move to re-open this action. Because the court granted respondent's motion to dismiss, petitioner's motion to expedite (DE 12) is DENIED as MOOT.[1] The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 11th day of June, 2015.

LOUISE W. FLANAGAN
United States District Judge

---

[1] To the extent petitioner seeks to assert a new claim attacking his District of Columbia Superior Court sentence in his motion to expedite, petitioner has not requested leave of court to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a), to include any new claim. Because petitioner has not moved this court to amend his complaint pursuant to Rule 15(a) to include any new claim, the new claim is not properly before the court and is DISMISSED without prejudice. See United States v. Jones, No. 87-7313, 1988 WL 21257, *1 (4th Cir. Mar. 9, 1988); see also, Crump v. N.C. Dep't of Corr., No. 3:05CV325-02-MU, 2009 WL 2738459, *5 (W.D.N.C. Aug. 26, 2009) ("Furthermore, the Court flatly rejects Plaintiff's attempt to amend his Complaint—by setting forth additional matters against Defendant Bowman concerning an encounter which allegedly occurred in August 2006—without leave of Court.").